UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY EVANGELISTO PEREZ CHAJ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-03971-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 1, 9, 14) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On July 29, 2026, the magistrate judge issued findings and recommendations recommending that petitioner's *habeas* petition (Doc. No. 1) be granted and he be ordered released from custody. (Doc. No. 14.) Specifically, the magistrate judge concluded that the government's decision to re-detain petitioner without a pre-detention hearing violated due process. (*Id.* at 3–7.) The magistrate judge further concluded that, although petitioner received a post-detention bond hearing, that hearing was constitutionally inadequate because the burden was placed on petitioner in accordance with 8 U.S.C. § 1226(a) when it should have been placed on the government to justify petitioner's detention by clear and convincing evidence. (*Id.* at 7.) The pending findings and recommendations were served on the parties and contained notice that any

objections thereto were to be filed within seven (7) days after service. (*Id.* at 9.) On August 4, 2026, respondent filed objections to the pending findings and recommendations which are comprised of a single sentence stating that respondent objects for the same reasons presented in its prior briefing. (Doc. No. 15.) These objections do not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

The undersigned observes that, on February 26, 2026, this court ordered the government to provide petitioner with a bond hearing in a previously filed *habeas* action that has since been dismissed without prejudice. *See Perez Chaj v. Warden of California City Corrections Center*, 2:26-cv-00510-DAD-JDP, Doc. Nos. 10, 19 (Feb. 26, 2026). In so ordering, the court relied on the government's representations at that time that because petitioner did not claim that he was previously released from immigration custody, petitioner's case did not present the situation where there was "'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release."[1] *Perez Chaj*, 2:26-cv-00510-DAD-JDP, Doc. No. 9 at 4 (Feb. 24, 2026). Now, in this action, the government does not dispute that petitioner was in fact previously released from custody on his own recognizance in October 2021 and complied with all of the requirements that Immigration and Customs Enforcement authorities imposed on him, "including regular check-ins." (Doc. No. 1 at ¶¶ 13–14.)

The court is very troubled by the fact that petitioner's unlawful detention was unnecessarily prolonged for months because of government counsel's failure to disclose in the prior action that petitioner had been released from immigration custody on his own recognizance. This is particularly troubling in light of petitioner's *pro se* status in both actions. Counsel for the government is reminded that the ongoing judicial emergency in the Eastern District of California has been significantly exacerbated by the thousands of *habeas* petitions filed over the past year,

[1] The government has been represented by the same Special Assistant United States Attorney in both actions.

and failure to disclose all information that is critical to the court's resolution of these petitions will only further deplete the court's scarce resources and bring harm to petitioners who remain unlawfully detained due to the government's failure to disclose clearly relevant information.

For the reasons stated above,

1. The findings and recommendations filed on July 29, 2026 (Doc. No. 14), are ADOPTED IN FULL;
2. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Rudy Evangelisto Perez Chaj, A-File No. 246-934-406, from respondent's custody on the same conditions he was subject to prior to his re-detention on or about December 11, 2025;
    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;
3. Respondent's motion to dismiss (Doc. No. 9) is DENIED;
4. The Clerk of the Court is directed to serve the California City Correctional Facility with a copy of this order; and
5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 5, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE